UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/25/12
```

-------------------------------------------------------------------- X

NOBLE AMERICAS CORP.,                                          :
                                                              :
                              Petitioner,                      :
                                                              :
                                                              :         12 Civ. 3236 (JMF)
          -v-                                                 :
                                                              :         MEMORANDUM
IROQUOIS BIO-ENERGY COMPANY, LLC,                              :         OPINION AND
                                                              :         ORDER
                              Respondent.                      :
                                                              :
-------------------------------------------------------------------- X

JESSE M. FURMAN, United States District Judge:

On April 24, 2012, Petitioner Noble Americas Corporation ("Noble") commenced this

action, petitioning the Court pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9

U.S.C. § 9, to confirm an arbitration award (the "Award") issued against Respondent Iroquois

Bio-Energy Company, LLC ("IBEC").  In its amended petition (the "Amended Petition"), filed

on May 11, 2012, Noble also seeks prejudgment interest from the date of the Award and

attorney's fees and costs.  (Docket No. 19).  On May 31, 2012, IBEC filed its Response to the

Amended Petition, opposing Petitioner's requested confirmation on the grounds that this Court

does not have subject matter jurisdiction to confirm the Award.  For the reasons stated below,

Noble's petition to confirm the Award is GRANTED.

## BACKGROUND

Noble, a Delaware trading company with its principal place of business in Connecticut,

entered into an agreement, the Ethanol Purchase and Sale Agreement ("Ethanol Agreement"),

with IBEC, an ethanol producer, on January 13, 2005.  Under the terms of the Ethanol

Agreement, IBEC was to sell Noble all of the ethanol produced at its Rensselaer ethanol

production facility, then under construction. (Cohen Aff. Ex. A).[1] On December 1, 2006, Noble

and IBEC entered into a second agreement, the Denaturant Supply Agreement ("Denaturant

Agreement"), under which Noble was to supply IBEC with denaturants to make the ethanol unfit

for human consumption. (Am. Pet. ¶ 7). Both Agreements contained arbitration provisions

whereby any dispute arising out of or relating to the contract was to be submitted to arbitration

by a three-arbitrator panel of the American Arbitration Association ("AAA") and governed by

the AAA Commercial Arbitration Rules. (Cohen Aff. Ex. A ¶ 16.7, Ex. B Art. 17).[2]

In 2011, a dispute arose between the parties concerning automatic renewal clauses in the

Agreements and, pursuant to the Agreements, the parties submitted the dispute to arbitration. On

February 24, 2012, the arbitrators issued their Award, finding that IBEC had not given Noble

sufficient notice of its desire to terminate the Agreements and that the Agreements' automatic

renewal provisions were therefore effective, such that IBEC's refusal to perform the renewed

terms constituted a breach of both Agreements. (Cohen Aff. Ex. E ¶¶ 9-11). Noble was awarded

$918,435.00 for the breach of the Ethanol Agreement, $78,686.00 for the breach of the

Denaturant Agreement (with interest accruing on both sums from the date of the Award at an

annual rate of 5.25% until payment), and $30,554.37 for arbitration costs. (Cohen Aff. Ex. E. ¶¶

25-26).

---

[1]     The Court has reviewed the Amended Petition and exhibits attached thereto, as well as
the supplemental materials filed by IBEC (Docket No. 31) and is satisfied that complete diversity
between the parties exists. Accordingly, Noble's request for limited jurisdictional discovery
(Pet'rs' Reply Mem. of Law at 5), is denied as moot.

[2]     The arbitration provision of the Ethanol Agreement reads in relevant part: "If any dispute
arises out of or in connection with this Agreement, the obligations arising under it or the
interpretation of its terms, the matter shall be referred to arbitration by the American Arbitration
Association under its Commercial Arbitration Rules . . . ." (Cohen Aff. Ex. A. ¶ 16.7).

On April 24, 2012, Noble filed its petition to confirm the Award.  (Docket No. 1).  On

May 11, 2012, IBEC paid to Noble the portions of the Award associated with the Denaturant

Agreement, plus interest, and the costs of arbitration.  (Resp't's Opp'n Ex. A. ¶¶ 4-7; Pet'rs'

Reply Mem. of Law at 2).  Accordingly, the only remaining issue is whether this Court should

confirm the portion of the Award granting Noble $918,435.00 for breach of the Ethanol

Agreement.  In addition, Noble requests attorney's fees and costs in connection with these

proceedings.

## DISCUSSION

### A.  Confirmation of the Award

Section 9 of the FAA authorizes confirmation of an arbitration award "[i]f the parties in

their agreement have agreed that a judgment of the court shall be entered upon the award . . . ."

9 U.S.C. § 9.  Assuming a court has jurisdiction, the FAA provides a "streamlined" process for a

party seeking "a judicial decree confirming an award, an order vacating it, or an order modifying

or correcting it."  *Hall Street Assocs. L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008).

Specifically, to the extent relevant here, a reviewing court must confirm an arbitral award unless

one of the statutory grounds for vacatur or modification — set forth in Sections 10 and 11 of the

FAA — is satisfied.  *See id.* (citing 9 U.S.C. §§ 9-11); *see also, e.g.*, *STMicroelectronics, N.V. v.

Credit Suisse Sec. (USA) LLC*, 648 F.3d 68, 74 (2d Cir. 2011).

In the present case, IBEC does not contend that there is any basis to vacate or modify the

Award.  Instead, its sole claim is that the Court lacks subject matter jurisdiction to confirm the

Award because the parties did not explicitly consent in the Ethanol Agreement to entry of

judgment by a federal court or otherwise agree that the arbitration award would be final.  (*See*

Resp't's Mem. of Law at 5).  In making that argument, IBEC relies principally on *Varley v.*

3

*Tarrytown Assocs., Inc.*, 477 F.2d 208 (2d Cir. 1973), in which the Second Circuit held that, in the absence of such provisions in an arbitration agreement, the mere incorporation of the AAA Rules was insufficient to provide federal jurisdiction. *See id.* at 210.

This argument is meritless. Although unmentioned by IBEC, shortly after *Varley* was decided, the AAA amended its rules "to provide that parties to these Rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any Federal or State Court having jurisdiction thereof." *Paley Assocs., Inc. v. Universal Woolens, Inc.*, 446 F. Supp. 212, 214 (S.D.N.Y. 1978) (parentheses and internal quotations omitted); *see, e.g.*, AAA Commercial Arbitration Rule 48(c) (providing that parties "shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof"). In light of those amendments, the law in this circuit is now clear that "parties to AAA arbitration consent to judicial confirmation of final arbitral awards." *Idea Nuova, Inc. v. GM Licensing Grp., Inc.*, 617 F.3d 177, 182 (2d Cir. 2010). Specifically, where, as in this case, an agreement incorporates the AAA Rules, the FAA's "consent to confirmation" requirement is met and a court has jurisdiction to confirm the award. *Id.* at 181.

In sum, because the Ethanol Agreement incorporates the AAA Commercial Arbitration Rules (*see* Cohen Aff. Ex. A. ¶ 16.7), this Court plainly has jurisdiction to confirm the Award. There being no apparent grounds to vacate or modify the Award — and IBEC pressing none — the outstanding portion of the Award is therefore confirmed.

## B.  Attorney's Fees

Noble also seeks attorney's fees and costs for these proceedings, citing IBEC's failure to cite adverse controlling authority in its memorandum in opposition to the petition to confirm the Award. (Pet'rs' Reply Mem. of Law at 6). It is well established that a court may exercise its

4

inherent equitable powers to award attorney's fees when opposing counsel acts in bad faith. *See N.Y.C. Dist. Council of Carpenters Pension Fund v. Angel Constr. Grp., LLC*, No. 08 Civ. 9061(RJS), 2009 WL 256009, at *2 (S.D.N.Y. Feb. 3, 2009) (citing *Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)). In confirmation proceedings, "the guiding principle has been stated as follows: when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Id.* (internal citations and quotation marks omitted); *see also, e.g.*, *Dist. Council No. 9 v. All Phase Mirror & Glass*, No. 03 Civ. 0219 (KNF), 2006 WL 1493112, at *2 (S.D.N.Y. May 26, 2006) (noting that "when a party fails to abide by an arbitrator's determination without justification . . . attorney's fees may be awarded").

Here, IBEC agreed to submit all disputes governed by the terms of the Ethanol Agreement to arbitration, and its failure to abide by the arbitrator's determination was based on a meritless argument that was squarely rejected by the Second Circuit only two years ago. *See Idea Nuova*, 617 F.3d at 181. That alone might be enough to warrant the award of attorney's fees and costs to Noble. *Cf. Prospect Capital Corp. v. Enmon*, No. 08 Civ. 3721 (LBS), 2010 WL 907956, at *6-7 (S.D.N.Y. Mar. 9, 2010), *aff'd*, 675 F.3d 138, 146 (2d Cir. 2012) (noting that "[f]rivolous claims are particularly egregious when brought to frustrate arbitration" and imposing sanctions for, *inter alia*, party's opposition to a motion to confirm in which it "persisted in bringing frivolous arguments that misrepresented the record"); *Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 708 (2d Cir. 1985) (upholding the imposition of sanctions where the district judge concluded that the plaintiff "had presented 'frivolous, unreasonable and groundless' opposition to [the defendant's] motion to confirm the arbitration award").

5

Compounding matters, IBEC conspicuously failed to cite *Idea Nuova* or reference the fact that the AAA Rules at issue in *Varley* were materially amended. *See, e.g.*, N.Y. COMP. CODES R. & REGS. Tit. 22, § 1200.3.3(a)(2) (2012) (providing that a "lawyer shall not knowingly fail to disclose to the tribunal controlling legal authority known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel"); *see also, e.g.*, *Katris v. INS*, 562 F.2d 866, 869-70 (2d Cir. 1977) (holding that failure to disclose adverse controlling authority, when counsel had worked on precedential case, merited sanctions); *Boritzer v. Blum*, No. 80 Civ. 480, 1985 WL 25022, at *5 (S.D.N.Y. April 2, 1985) (same).

Noble made its request for attorney's fees and costs in its reply memorandum of law, however, so IBEC has not yet been heard on the question. Admittedly, IBEC could have requested an opportunity to file a surreply on the issue of attorney's fees and costs and it did not. Nevertheless, out of an abundance of caution, before imposing attorney's fees and costs on IBEC, the Court will give IBEC an opportunity to be heard on the issue.

## CONCLUSION

For the reasons set forth above, Noble's petition to confirm the arbitration Award is GRANTED. In addition, no later than November 8, 2012, IBEC shall file a brief, not to exceed ten pages, showing good cause why the Court should not award Noble attorney's fees and costs in connection with these proceedings. Noble's response, if any, is due no later than November 15, 2012, and is not to exceed five pages.

SO ORDERED.

Dated: October 25, 2012
      New York, New York

JESSE M. FURMAN
United States District Judge

6